(80 South. 880)

PEOPLE'S BANK OF RED LEVEL v. TOWN OF RED LEVEL. (4 Div. 785.)

(Supreme Court of Alabama. Feb. 6, 1919.)

1. MUNICIPAL CORPORATIONS ⬅966(6)—TAXATION—BANKS—TIME OF ORGANIZATION.

Under Code 1907, §§ 1311, 1312, 2104, though bank did not begin to do business until August, 1914, a tax was assessable against it by the town on the following October, and on property owned by it on the 1st of October, 1914, which tax became due on December 1, 1914, and delinquent January 1, 1915.

2. MUNICIPAL CORPORATIONS ⬅978(9)—TAXATION — PAYMENT — SUFFICIENCY OF EVIDENCE.

In proceeding by town under Code 1907, § 1320, to enforce collection of tax against bank, evidence consisting of tax receipts, in conjunction with date at which bank began doing business, and became assessable with taxes, *held* to show that the bank did not pay its tax for the year 1916.

Appeal from Circuit Court, Covington County; A. B. Foster, Judge.

Proceeding to enforce collection of a tax by the Town of Red Level against the People's Bank of Red Level. From judgment for complainant, respondent appeals. Affirmed.

J. L. Murphy, of Andalusia, for appellant. Powell, Albritton & Albritton, of Andalusia, for appellee.

ANDERSON, C. J. [1, 2] This was a proceeding under section 1320 of the Code of 1907 to enforce the collection of a tax by the municipality against the respondent bank. The chief point of controversy is the payment vel non of the tax for the year 1916. The respondent introduced two tax receipts, one dated February, 1916, and the other January, 1916, but neither of which specified the year for which the tax was paid. The complainant contends that those receipts cover the tax for the years 1914 and 1915, and the respondent contends that they cover the tax for the years 1915 and 1916. According to respondent's theory, the tax was collected and paid before maturity; and, according to complainant's theory, the receipts represented the tax after maturity for the preceding years, respectively. A witness for the respondent attempts to explain the premature payment of the tax, but upon this point there was a conflict between him and the collector, and the trial court saw and heard the witnesses. If there had been no tax assessable or due by this respondent for the year 1914, then its theory would be conclusive; but, notwithstanding it did not commence doing business until August, 1914, a tax was assessable against it on the following ing October and upon property owned by it upon said 1st of October, 1914, which said tax became due on the 1st day of December of that year and delinquent January 1st following. Sections 1311, 1312, and 2104 of the Code of 1907. Therefore, if respondent was liable for taxes as for three years instead of two, the receipts in question must of necessity have been for the years 1914 and 1915, and did not cover the year 1916.

The judgment of the circuit court is affirmed.

Affirmed.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.